## McMILLEN v STATE OF FLORIDA

### Case No. 83-252 AC (County Court Case No. 82284, 5KM)

Eleventh Judicial Circuit, Appellate Division, Dade County

February 27, 1987

### APPEARANCES OF COUNSEL

**John H. Lipinski** for appellant.

**Jim Smith,** Attorney General, and **G. Bart Billbrought,** Assistant Attorney General, for appellee.

Before HENDERSON, RIVKIND, SALMON, JJ.

### OPINION OF THE COURT

PER CURIAM.

The defendant was tried before Judge Mapp, who found him not

guilty of one charge and guilty of another. He moved for a new trial; that motion was heard by Judge Cook, who granted it (he announced his ruling, but did not enter a written order.) The state then brought the matter back to Judge Mapp, who reversed Judge Cook and reinstated the original conviction.

Judge Mapp's ruling was based upon his conclusion that Judge Cook should not have ruled upon the motion for a new trial—a position with which we essential concur—however, the propriety of Judge Cook's action was not raised to Judge Cook, nor was it argued in this court.

Basically, what occurred was that Judge Cook granted a motion for new trial that Judge Mapp would have denied.[1] Once Judge Cook ruled, the state's remedy was appeal to this court.

Reversed and remanded with instructions to grant a new trial.

---

[1] The state argues that trial courts have an inherent right to reconsider prior rulings, especially in light of the fact that Judge Cook's order was not reduced to writing, and the state could not yet appeal. Without reaching the merit of that contention, we note that it was not Judge Cook who reconsidered his ruling.